# IN THE UNITED STATES DISTRICT COURT
# OF THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| MARCUS WALLS | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | 5:12-CV-52 |
| | § | |
| LEON E. PANETTA, Secretary of | § | |
| Defense (DLA) Agency, | § | |
|     Defendant | § | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Defendant filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

## BACKGROUND

Plaintiff Marcus Walls ("Plaintiff") brings this action under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Plaintiff alleges he was retaliated against for having previously filed an EEOC complaint. Plaintiff seeks economic damages of lost pay and benefits, compensatory damages, and other relief related to his employment.

On August 29, 2012, Leon E. Panetta, Secretary of DLA ("Defendant"), moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant asserted, among other things, that Plaintiff has failed to assert a plausible causal connection between his protected activity, which concluded in 2004, and his non-selection for a position as a crane operator in 2007.

On October 31, 2012, the Magistrate Judge issued a Report and Recommendation, recommending Defendant's motion to dismiss regarding Plaintiff's racial discrimination claim, to the extent Plaintiff intended to allege such a claim, be granted and that any such claim be dismissed. The Magistrate Judge further recommended the Court deny Defendant's motion to dismiss Plaintiff's retaliation claim. The Magistrate Judge, considering Plaintiff had not yet had the opportunity to replead or to conduct discovery regarding his retaliation claim, and in an abundance of caution and mindful of her duty to do justice to the parties, was not convinced that Plaintiff cannot establish a causal link existed between the protected activity and the adverse action

On November 14, 2012, Defendant filed objections to the Magistrate Judge's Report and Recommendation. Defendant objects only to the portion of the report regarding the retaliation claim. Specifically, Defendant asserts the Court recently dismissed a similar Title VII retaliation claim pursuant to Rule 12(b)(6). *See Rose v. Upshur Cty., Texas*, 2012 WL 2088663, *2-4 (E.D. Tex. June 28, 2012). Defendant further asserts Plaintiff's only pleaded fact regarding alleged retaliation is a stray remark that Lawing made to a co-worker only after Plaintiff sought to file a new EEOC claim in response to the alleged adverse employment action. Defendant submits the statement was facially neutral and devoid of anything showing discriminatory animus.

## APPLICABLE LAW

FED. R. CIV. P. 12(b)(6) authorizes a dismissal of a complaint for "failure to state a claim upon which relief can be granted." A motion to dismiss under Rule 12(b)(6) tests for legal sufficiency of the claims alleged in the complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

2

recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (U.S. 2007).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 557). The Fifth Circuit Court of Appeals has recognized the *Twombly* standard "replaces the lenient and longstanding rule that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). This heightened pleading standard "raises a hurdle in front of what courts had previously seen as a plaintiff's nigh immediate access to discovery—modest in its demands but wide in its scope." *Id.*

The heightened pleading standard applies to Title VII cases. A plaintiff's conclusory assertions of retaliation do not satisfy the plausibility standard under *Iqbal* and *Twombly*. *See, e.g., Richards v. JRK Property Holdings*, 405 Fed.Appx. 829, 830, 2010 WL 5186675 (5th Cir.2010) (affirming dismissal of Title VII discrimination and retaliation claims that were not plausible on their face); *Williams v. Recovery Sch. Dist.*, 2012 WL 893421, at *5 (E.D. La. Mar. 15, 2012) (dismissing retaliation claim for failure to plausibly allege causal connection between protected activity and adverse employment action); *Phillips v. United Parcel Serv.*, 2011 WL 2680725, *8 (N.D. Tex.2011) (dismissing retaliation claim when plaintiff failed to allege facts giving rise to plausible

3

claim of causal connection between protected activity and adverse employment action).

A facially neutral remarks is characterized by Fifth Circuit jurisprudence as a "stray remark." *See, e.g., Manaway v. Med. Ctr. of Se. Tex.*, 430 F. App'x 317, 323 n.3 (5th Cir.2011). Mere stray remarks are insufficient by themselves to establish discrimination under Title VII. *Price v. Marathon Cheese Corp.*, 119 F.3d 330, 337 (5th Cir.1997). Stray remarks by a deciding official may be probative of discriminatory intent "so long as remarks are not the only evidence of pretext." *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 577 (5th Cir.2003); *see also Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000).

## *DE NOVO* REVIEW

In her Report and Recommendation, the Magistrate Judge properly identified the only fact asserted by Plaintiff in support of his retaliation claim relates to a comment that Lawing made to a co-worker only after Plaintiff sought to file a new EEOC claim in response to the alleged adverse employment action. Lawing told another employee that Plaintiff "was going to file a complaint" in the future, after Plaintiff had "asked [ ] Lawing for the contact information to the EEOC office" following the employment decision in question. *See Complaint*, Dkt. No.1, ¶¶ 10, 11.

Plaintiff has not alleged that Lawing's comment made any reference to Plaintiff's protected status related to his prior EEOC activity in 2004. Plaintiff has not alleged that Lawing knew about Plaintiff's prior 2004 EEOC activity when he made the comment. The Court further notes that Plaintiff has not pleaded any facts that would suggest that Lawing was even aware of Plaintiff's protected status (the 2004 EEOC claim) prior to making the employment decision in question. Lawing's comment was made after the employment decision, and there are no allegations that the

4

comment was related to the decisional process itself.

Even though Plaintiff may intend to rely on this comment as circumstantial evidence of discrimination, Plaintiff has failed to plead any other facts suggesting discriminatory intent or pretext other than this stray remark. Plaintiff has not even pleaded that any evidence of pretext or discriminatory animus, other than Lawing's comment, exists. Although the Court agrees with Defendant that the singular pleaded fact of a stray remark does not raise a right to relief as required to avoid dismissal pursuant to *Twombly* and *Iqbal*, the Court notes, as did the Magistrate Judge, Plaintiff has not had the opportunity to amend.

Importantly, in this regard, the Court in *Rose v. Upshur Cty, Texas*, relied upon by Defendant, denied the defendants' initial motion for judgment on the pleadings, specifically allowing the plaintiff the opportunity to amend his original complaint. *Rose*, 2012 WL 2088663, *2. In response to the plaintiff's amended complaint, the defendants moved to dismiss the amended complaint for Title VII retaliation. The plaintiff did not move for additional leave to amend, and the Court thereafter granted the defendants' motion to dismiss. *Id.* at *2, *4.

Motions to dismiss for failure to state a claim are "viewed with disfavor, and are rarely granted." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009)(internal quotation omitted). Here, the Court is not inclined to dismiss Plaintiff's retaliation claim without allowing Plaintiff an opportunity to amend his original complaint. The Court is not convinced such an opportunity would be futile.

In sum, the Court, having considered the original briefing, the Report and Recommendation, and Defendant's objections, adopts in part the Report and Recommendation, dismissing any possible

racial discrimination claim. With regard to Plaintiff's retaliation claim, the Court will allow Plaintiff a fair opportunity to state his case and replead the retaliation claim with more specificity. However, rather than deny Defendant's motion outright, the Court grants Defendant's motion to dismiss Plaintiff's retaliation claim, but with leave to amend. Plaintiff must amend his complaint within fourteen days of the date of entry of this Order, stating with sufficient specificity a retaliation claim. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Dkt. No. 4). is **GRANTED IN PART** and **GRANTED WITH LEAVE TO AMEND IN PART**. Any possible racial discrimination claim is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that Plaintiff shall amend his complaint within fourteen days from the date of entry of this Order, stating with sufficient specificity a retaliation claim. Plaintiff is advised that failure to amend his complaint, or to amend with sufficient specificity to state a Title VII retaliation claim, within the time prescribed herein may result in the dismissal of Plaintiff's cause of action.

**It is SO ORDERED.**

**SIGNED this 5th day of December, 2012.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE